**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEON JEFFREY NICELY, JR.,

    Plaintiff,

v.                                                    Case No. 3:12-cv-1300-J-32JBT

S. M. LAGMAN, M.D., AND
BRAD WHITEHEAD, WARDEN,

    Defendants.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida Department of Corrections (FDOC), is proceeding in this action on a pro se Amended Civil Rights Complaint (Doc. #1) (Amended Complaint) filed pursuant to 42 U.S.C. § 1983. Plaintiff names S. M. Lagman, a physician at Florida State Prison (FSP), and Brad Whitehead, the Assistant Warden at FSP, as Defendants. Plaintiff asserts that the Defendants were deliberately indifferent to his serious medical needs because they delayed treatment of his right knee.

This cause is before the Court on Defendant Whitehead's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) (Whitehead's Motion) and Defendant Lagman's Motion to Dismiss Plaintiff's Amended Complaint for Failure to Exhaust His Administrative Remedies and Disclose Prior Litigation (Doc. #25) (Lagman's Motion). The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56, notified him that the granting of a motion to dismiss may represent a final adjudication of this case which may foreclose subsequent litigation on the

matter, and gave him an opportunity to respond. See the Court's Order (Doc. #8) at 3. Plaintiff has responded. See Plaintiff's Response to Defendant Whitehead's Motion to Dismiss (Doc. #20) (Response to Whitehead's Motion); Plaintiff's Response to Defendant Dr. S. M. Lagman's Motion to Dismiss (Doc. #26) (Response to Lagman's Motion). Thus, these motions are ripe for review.

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

## III.  Law and Conclusions

### A. Exhaustion of Administrative Remedies

Defendant Lagman asserts that this case must be dismissed because Plaintiff failed to exhaust his administrative remedies. Lagman's Motion at 4-8.[1]  "[D]eciding a motion to

---

[1] Several exhibits (hereinafter Ex.) that pertain to the exhaustion defense are appended to Lagman's Motion; however, Lagman's Motion will not be construed as a motion for summary judgment with respect to the analysis of the exhaustion defense. See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (noting that exhaustion of administrative

2

dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing Bryant v. Rich, 530 F.3d 1368, 1373-73 (11th Cir. 2008)).

The Prison Litigation Reform Act (hereinafter PLRA) amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant, 530 F.3d at 1374; Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Administrative law also requires proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so

---

remedies is a matter in abatement and not generally an adjudication on the merits; therefore, an exhaustion defense should be raised in a motion to dismiss and treated as such if raised in a motion for summary judgment).

that the agency addresses the issues on the merits)." Id. at 90 (quoting Pozo v. McCarthy, 286 F.3d 1022, 1024 (7th Cir. 2002)).

The FDOC provides a three-step grievance procedure. First, an inmate must normally submit an informal grievance to the "designated staff" member. See Chapter 33-103.005(1)(a), F.A.C. If the issue is not resolved or the inmate receives no response to the informal grievance within the time allotted, the inmate must then file a formal grievance at the institutional level. See Chapter 33-103.006, F.A.C.; Chapter 33-103.011(4), F.A.C. If the matter is not resolved at the institutional level or the inmate receives no response to the formal grievance within the time allotted, the inmate must file an appeal to the Office of the Secretary of the FDOC. See Chapter 33-103.007, F.A.C.; Chapter 33-103.011(4), F.A.C.

Here, the parties agree that Plaintiff filed an informal grievance regarding his medical care on July 5, 2012, see Ex. C, and a formal grievance on July 17, 2012. Ex. D at 1. The parties also agree that the response to the formal grievance was dated July 27, 2012, and that Plaintiff received the response on August 6, 2012. See Ex. D at 2; Lagman's Motion at 3; Response to Lagman's Motion, Exhibit A at 2. Defendant Lagman asserts that Plaintiff failed to appeal the denial of his formal grievance to the Secretary; however, Plaintiff has provided the Court with his appeal, which was timely filed on August 6, 2012. Response to Lagman's Motion, Exhibit A at 2. This appeal was evidently returned to Plaintiff without action because it was not submitted on the appropriate form. Id. at 1. However, Plaintiff asserted in the appeal that the appropriate form was unavailable. Id. at 2. In these circumstances, the Court is satisfied that Plaintiff adequately exhausted his *available* administrative remedies. See Dollar v. Coweta Cnty Sheriff Office, 446 F. App'x 248, 252

4

(11th Cir. 2011) (per curiam) (noting that if Coweta County Jail officials prevented Dollar from filing a grievance, the "grievance procedures may not have been 'available' to Dollar for § 1997e(a) purposes").  Thus, Lagman's Motion will be denied insofar as he seeks dismissal based on Plaintiff's failure to exhaust his administrative remedies.

### B. Abuse of the Judicial Process

Defendant Lagman asserts that this case should be dismissed for Plaintiff's abuse of the judicial process because he failed to disclose that he had previously filed one other civil rights case in federal court.  Lagman's Motion at 8-12.  Upon review, the Court is of the opinion that dismissal for abuse of the judicial process in the circumstances of this case is too harsh of a sanction.  See Response to Lagman's Motion at 4-5.  Accordingly, Lagman's Motion will be denied insofar as he seeks dismissal on this basis.

### C. Denial of Grievances

Plaintiff asserts that Defendant Whitehead was deliberately indifferent to Plaintiff's serious medical needs because he failed to take appropriate action in response to Plaintiff's formal grievance regarding his medical care.  Amended Complaint at 5-6.  Defendant Whitehead argues that such an allegation is insufficient to impose liability under § 1983.  Whitehead's Motion at 2-8.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  Furthermore, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions

and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curium)).

Respondeat superior has clearly been rejected as a theory of recovery under section 1983.

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); Gonzalez, --- F.3d at ----, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability).

Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Upon review, it appears that Defendant Lagman actually responded to Plaintiff's formal grievance, and Defendant Whitehead merely signed the response in the appropriate section of the form. Ex. D at 2. The response states, in pertinent part:

> You were informed on 7-12-2012 on Informal Grievance 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 response that you had been referred for evaluation by the Ortho Specialist pending approval by Utilization Management. You have an upcoming appointment to see the Ortho Specialist within the next couple weeks.
>
> It is the decision of the primary care physician to determine the course of treatment to be provided, this will include but not limited to medications, referrals, and passes. You have been provided appropriate treatment based upon the signs and symptoms present at the time of evaluation. The pain medication you are prescribed is the same medication you can receive in the dorm from the officer through OTC medications.

Id. Based on the response prepared by Defendant Lagman, Defendant Whitehead could have reasonably believed that Plaintiff's medical concerns were being appropriately addressed.

Moreover, this Court agrees that Defendant Whitehead may not be held liable on the theory of respondeat superior or on the basis that he approved the denial of Plaintiff's formal grievance. See Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) ("Nothing in either the original complaint or the amended complaint indicates any action or omission by [defendant] beyond his denial of [Plaintiff]'s grievances. [Defendant]'s denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations") (citation omitted); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam) ("Because the failure of [the defendants] to take corrective action upon the filing of [the plaintiff]'s administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that [the plaintiff] failed to state a claim under § 1983"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct).

Plaintiff also argues that Defendant Whitehead violated Plaintiff's rights by failing to timely respond to Plaintiff's formal grievance, which prevented Plaintiff from filing a timely appeal to the Secretary. See Response to Whitehead's Motion at 2-5. As noted above, Plaintiff filed a timely appeal, although it was returned without action.

In any event, the Eleventh Circuit Court of Appeals "has concluded that 'a prison grievance procedure does not provide an inmate with a constitutionally protected interest.'" Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (per curiam) (quoting Bingham v. Thomas, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (per curiam)).

> The Eleventh Circuit has held that a prisoner has no constitutional right to participate in prison grievance procedures. See Wildberger v. Bracknell, 869 F.2d 1467, 1467–68 (11th Cir. 1989). Therefore, a prison official's failure to process, respond to, or investigate such a grievance is not actionable under 42 U.S.C. § 1983. See Bingham v. Thomas, 654 F.3d 1171, 1178 (11th Cir. 2012) (explaining that the district court did not abuse "its discretion in dismissing [the prisoner's] claim that the prison's grievance procedures were inadequate").

Cainion v. Danforth, No. 7:12-cv-108(HL), 2012 WL 4567649, at *3 (M.D. Ga. Sept. 7, 2012), report and recommendation adopted by Cainion v. Danforth, No. 7:12-cv-108(HL), 2012 WL 4568243 (M.D. Ga. Oct. 2, 2012).

> Moreover, as various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in access to that procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"); see also Doe v. Moore, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the

>   Fourteenth Amendment, even where such procedural rights are mandatory.") (quotations omitted).
>
>   Because we agree with our sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest, we likewise reject Bingham's argument that the district court abused its discretion in dismissing Bingham's claim that the prison's grievance procedures were inadequate as frivolous under 28 U.S.C. § 1915A.

Bingham, 654 F.3d at 1177-78.

Because the United States Constitution creates no entitlement to grievance procedures or access to any such procedure that has been established, Plaintiff's allegations regarding his access to the FDOC grievance procedure fail to state a claim of federal constitutional dimension.[2]  Thus, Defendant Whitehead's Motion will be granted.

Therefore, it is now

**ORDERED:**

1.      Defendant Whitehead's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) is **GRANTED** to the extent that Defendant Whitehead is **DISMISSED** from this action. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

---

[2] This ruling is consistent with the Court's previous discussion of exhaustion of administrative remedies.  As acknowledged by Defendant Whitehead, if, for whatever reason, prison officials deny or abridge an inmate's right to progress through the grievance system, that system is not "available" to him and the exhaustion requirement will be deemed satisfied. See Whitehead's Motion at 7.

2. Defendant Lagman's Motion to Dismiss Plaintiff's Amended Complaint for Failure to Exhaust His Administrative Remedies and Disclose Prior Litigation (Doc. #25) is **DENIED**.

3. Defendant Lagman shall answer or otherwise respond to the Amended Complaint no later than **August 18, 2014.**

4. The parties are hereby directed to conduct discovery so that the due date of any discovery requested shall be no later than **November 14, 2014**. Any motions relating to discovery shall be filed no later than **November 24**, **2014**.

5. All motions to dismiss and/or for summary judgment shall be filed by **January 5, 2015**. This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity. Any response to a dispositive motion shall be filed by **January 30, 2015.**

6. Plaintiff's Declaration for Entry of Default (Doc. #28) and Motion for Sanctions (Doc. #30) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of July, 2014.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 7/25
c:
Leon Jeffrey Nicely, Jr.
Counsel of Record